WALTER CRANE v. THE SECRETARY OF STATE.

*University lands—Issue of patents.*

Mandamus to the Secretary of State will not lie to compel him to issue patents to State lands; that is the duty of the Governor. Comp. L. § 3824

Mandamus. Submitted June 19. Denied July 2.

*Henry A. Chaney* for relator.

Attorney General *Jacob J. Van Riper* for respondent.

GRAVES, C. J. The relator in 1853 purchased certain University land, and received the usual certificate, and a few days since he obtained a further certificate from the Commissioner [of the Land-office] that he had paid the principal and interest, and was entitled to a patent. He then applied for a patent to the Secretary of State, who declined to issue it. And the sole object of this proceeding is to obtain a mandamus to compel that officer to do what he refused, namely, to issue the required patent.

We gather from the record that a controversy exists concerning back taxes. But there appears to be a question beyond it, which demands to be first considered. The respondent objects that the power to issue the patent does

not reside in the Secretary of State, but in the Governor ; and, if this is true, a discussion of the other question would be mere dicta, and without any force in regard to relator's title to the writ. The application would have to be denied, whatever the conclusion about the taxes ; and, on examination, the objection that the Secretary has not the power appears to be well taken. The matter is regulated by statute, and the language is clear. Comp. L. § 3824. The Governor is to sign the patents and cause them to be issued.

But admitting, says the counsel for relator, that the law has lodged the authority and duty with the Governor, and not with the Secretary, it is still matter of usage ; or, in other words, a practice which the Governor has tolerated, for the Secretary to issue these patents. This view cannot aid the relator. It amounts to a concession that the Secretary neither holds the power nor is subject to the duty. He has voluntarily acted for the Governor, who has adopted his acts. Whether in any given case the same course shall be pursued must depend on their will. The law cannot compel it.

The writ is denied, but without costs.

The other Justices concurred.